UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT CHANDLER,

        Plaintiff,

v.

UNKNOWN MOULL et al.,

        Defendants.
_____/

Case No. 1:18-cv-858

Honorable Robert J. Jonker

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events

about which he complains occurred at that facility. Plaintiff sues the following ICF officials: Sergeants Moull,[1] Croklin, Mullins, and Derocherres; and Lieutenant Howard.

Plaintiff's allegations against Defendants are largely conclusory and unrelated.[2] The first few pages of Plaintiff's complaint contain a series of sweeping statements about prisoner civil rights, such as the following:

> Until the 1960s the courts had adopted a "hands off" attitude toward prisons. We contains all our rights upon entering prison system. But we takes the Constitution into prison with him. With saying that dealing with – the consitution Amendment 8 Prohibits excessive bail or fines and cruel and unusual punishments.

(Compl., ECF No. 1, PageID.3 (verbatim).) He sweepingly alleges that the prison administration's actions are "unconstitutional or unconscionable" and that prison officials fail to meet their constitutional obligations. (*Id.*, PageID.5-6.) Plaintiff follows his pages of generalities by slightly more specific claims against each Defendant:

> Howard –
>
> This officer shows cruel treatment as well as this person shows that he's mis-using his power. This is my 8th Amendment that he's going against. I was refusing to come out the restraining chair this officer along with others officers threaten to charge me with assault of officers if I don't get out the chair. I didn't get out the chair refuse to stand up when they put their hands on me I just didn't respond they said I snatch away which was shown on camera that I didn't move. He meaning L.T. Howard told officer to write the ticket and charge me. This shows cruel and unusual punishment. This shows acts to put more charges on me as well as tickets. These acts is against the 8th Amendment.
>
> Croklin –
>
> This officer shows acts that goes against my 8th Amendment cruel and unusual punishment. Also excessive fines. This entire amendment relates to this officer. Do to the fact that I couldn't turn in my legal mail which I was fighting an

---

[1] Plaintiff spells the name of Defendant as "Moull" in the caption of his complaint, though he also writes the name as "Mull" elsewhere in the complaint. The Court will use "Moull," the spelling Plaintiff first uses.

[2] Indeed, it appears that Plaintiff's claims against the various Defendants are misjoined within the meaning of Federal Rule of Civil Procedure 20(a), which limits the joinder of parties in a single lawsuit. Because the claims so patently lack merit, however, the Court will address all of Plaintiff's claims against all five Defendants, regardless of whether they are properly joined.

case. I held the slot so I could turn in my legal. This also is part of the 5th Amendment guarantees against violations of due process in criminal proceedings I was filing paperwork related to my two cases was denied to send out held my slot and gassed for doing so. That part is when the 8th Amendment comes in cruel and unusual punishment. Then was fined to pay for getting gassed excessive fines where these people didn't use the equipment that they charged me for.

Sgt. Mull –

This officer relates to the 8th admendment cruel and unusual punishment. When I rode in 12-26-16 this person threaten me by stating that they are going to fu*k me over while here. This officer shows where it went against my amendment the 8th by lying stating that if I see him that I was going to knock his as* out and fu*k him up his white as*hole. I never shown those actions towards no one. This was an act to keep me in Segregation from the lying ticket that Officer Tucker wrote on me. This is an act of cruel punishment towards me. It shows mistreatment towards higher staff members.

Sgt. Mullins – This officer goes against the 8th admendment cruel and unusual punishment. This officer is the person that runs the until no when went to see him with the issues and he states that he's siding with his officers shows an cruel act with the un-capable ability to do his duties.

Derocherres –

This is against my 8th admendment. This officer is one of the officers that picked me up to come to ICF this officer called me niggers and monkey stating my as* was outta here now. This officer set me up with tickets this officers went out his way to show cruel acts towards me by taking my levels sending officers to harass me. Writing false tickets by his co-workers. These acts are cruel and unusual punishment towards me.

(*Id.*, PageID.7-9 (verbatim).)

For relief, Plaintiff seeks the following:

I want justice here on the treatment and the corruption of the system here. It's top officials covering up the treatment of inmate myself on these issues. These issues caused stressed and cause for me to lash out un-nessary at times. I would talk to my lawyer on what they should pay. But Ionia need investigation down someone that's not an part of Ionia or whom don't have no relationships with Ionia.

(*Id.*, PageID.4 (verbatim).)

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Eighth Amendment

Plaintiff alleges that each of the Defendants has violated his Eighth Amendment rights by imposing either cruel and unusual punishment or excessive fines or bail. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted

5

with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

### A.     Defendant Howard

Plaintiff alleges that on an unspecified occasion, he refused to come out of a restraining chair when ordered. He alleges that Defendant Howard threatened to charge him with a misconduct if he did not get out of the chair. Plaintiff refused to stand up when officers put their hands on him. Howard told another officer to write a ticket and charge Plaintiff with assault. Plaintiff complains that the ticket falsely alleged that Plaintiff had snatched his arms away. Plaintiff therefore contends that Howard's authorization of a misconduct charge violated his rights under the Eighth Amendment, because it amounted to cruel and unusual punishment.

"[N]either verbal harassment or threats nor the filing of a false misconduct report constitute punishment within the context of the Eighth Amendment." *Williams v. Reynolds*, No. 98-2138, 1999 WL 1021856, at *2 (6th Cir. Nov. 3, 1999) (citing *Ivey,* 832 F.2d at 955; *Freeman v. Rideout,* 808 F.2d 949, 951 (2d Cir. 1986)). Plaintiff utterly fails to allege that Howard deprived him of "food, medical care, sanitation" or caused him to endure any "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. He therefore fails to state an Eighth Amendment claim against Defendant Howard.

### B.     Defendant Croklin

Plaintiff alleges that Defendant Croklin caused Plaintiff to be sprayed with a chemical agent, because Plaintiff refused to release his food slot until his demand to turn in his legal mail was met.

The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated in *Whitley v. Albers*, 475 U.S. 312 (1986), should be applied. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *see also Wilkins v. Gaddy,* 559 U.S. 34, 37-39 (2010). Under *Whitley*, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7; *Wilkins*, 559 U.S. at 37. In determining whether the use of force is wanton and unnecessary, the court should evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 6-7 (citing *Whitley*, 475 U.S. at 321); *accord Griffin v. Hardrick*, 604 F.3d 949, 953-54 (6th Cir. 2010); *McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990).

In the instant case, Plaintiff makes no allegation that Defendant Croklin had a malicious or sadistic motive for using pepper spray. Indeed, Plaintiff admits that he refused to release his food slot as ordered and as required by the rules and that Defendant Croklin's use of pepper spray was designed to get Plaintiff to release his food slot. *See Roberson v. Torres*, 770 F.3d 398 (6th Cir. 2014) (holding that the use of a chemical agent after a prisoner repeatedly refuses to obey orders does not violate the Eighth Amendment) (citing *Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004) (holding that a defendant's use of pepper spray on a prisoner who refused to leave the shower did not violate the Eighth Amendment)); *Combs v. Wilkinson*, 315 F.3d 548, 557 (6th Cir. 2002) (noting "that the use of mace to control a prison inmate is not malicious or sadistic"); *Miller v. Palmer*, No. 99-2352, 2000 WL 1478357, at *2 (6th Cir. Sept. 27, 2000) (officers did not violate the Eighth Amendment when prisoner "refused to remove his arm from his food slot[,] refused to allow officers to place him in soft restraints[, and was] given several

opportunities to comply with the officers' orders before chemical agents were used"). Plaintiff's own allegations demonstrate that Defendant Croklin was acting in good faith to maintain order, rather than to maliciously cause pain. *Hudson*, 503 U.S. at 6-7; *Wilkins*, 559 U.S. at 37. Plaintiff therefore fails to state an Eighth Amendment claim against Defendant Croklin.

Plaintiff also vaguely alleges that he was subjected to excessive fines, in violation of the Eighth Amendment, when he was subsequently charged for the use of equipment during the incident, which Plaintiff contends was not used.

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const., am. 8. The Supreme Court explained that at the time the Constitution was adopted, "the word 'fine' was understood to mean a payment to a sovereign as punishment for some offense." *Browning–Ferris Industries of Vt., Inc. v. Kelco Disposal, Inc.,* 492 U.S. 257, 265 (1989). The Excessive Fines Clause thus "limits the government's power to extract payments, whether in cash or in kind, 'as punishment for some offense.'" *Austin v. United States,* 509 U.S. 602, 609–10 (1993) (emphasis deleted). The limitations of the Excessive Fines Clause of the Eighth Amendment to the Constitution are applied only to fines "directly imposed by, and payable to, the government" and only to fines constituting punishment. *Austin,* 509 U.S. at 607. Punitive fines are excessive when they are "grossly disproportionate" to the gravity of the underlying offense. *United States v. Bajakajian*, 524 U.S. 321, 334 (1998).

Plaintiff's allegations about being subjected to excessive fines are wholly conclusory. Plaintiff does not allege that Defendant Croklin himself imposed a fine of any sort. He does not describe the circumstances under which the fine was imposed, the amount of the fine, or the reason for the fine. Conclusory allegations of unconstitutional conduct without specific

factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678-79 (2009); *Twombly*, 550 U.S. at 555. Plaintiff's allegations fall far short of stating a claim under the Eighth Amendment's Excessive Fines Clause.

In passing, Plaintiff suggests that the refusal of officers (arguably including Defendant Croklin) to process his legal mail, which related to his criminal proceedings, violated his rights under the Fifth Amendment. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. The right of access to the courts also prohibits prison officials from erecting barriers that may impede the inmate's access to the courts. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992).

An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous). In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

While Plaintiff generally alleges that he wished to file papers in a type of action to which he has a right of access to the courts (a challenge to his convictions), he utterly fails to allege facts suggesting that he suffered actual injury. Plaintiff's allegations indicate only that he was not allowed to submit his legal mail for processing on a single occasion. He alleges nothing more than that he wished to submit his documents for mailing, not that he was harmed by an inability to do so at that time. Plaintiff's allegations therefore fall far short of showing that his right to access the courts was denied.

For all these reasons, Plaintiff fails to state a claim against Defendant Croklin.

C. Defendant Moull

Plaintiff complains that Defendant Moull subjected Plaintiff to cruel and unusual punishment by threatening him when he arrived at ICF on December 26, 2016, by stating that "they are going to fu*k over me while here." (Compl., ECF No. 1, PageID.8.) Plaintiff also claims that Defendant Moull lied, stating that Plaintiff had threatened, "If I see him that I was going to knock his as* out and fu*k him up his white as*hole." (*Id.*) Plaintiff contends that Defendant Moull lied in order to keep Plaintiff in segregation on an allegedly false ticket issued by another officer.

Allegations of verbal harassment or threats by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment. *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987). Nor do allegations of verbal harassment rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Id.* Even the occasional or sporadic use of racial slurs, although unprofessional and reprehensible, does not rise to a level of constitutional magnitude. *See Torres v. Oakland Cty.*, 758 F.2d 147, 152 (6th Cir. 1985). As a result, Plaintiff's allegation that Defendant Moull made a disrespectful remark when Plaintiff arrived at ICF falls short of demonstrating an Eighth Amendment violation.

Moreover, Plaintiff's claim that Defendant Moull made a false statement in relation to a misconduct ticket fails to state an Eighth Amendment violation. As earlier discussed, the filing of a false misconduct charge does not constitute cruel and unusual punishment. *Williams*, 1999 WL 1021856, at *2 (citing *Ivey,* 832 F.2d at 955; *Freeman,* 808 F.2d at 951).

Further, to the extent that Plaintiff complains that Moull's conduct caused Plaintiff to remain in segregation for some unspecified period, he fails to state a claim. Placement in

segregation is a routine discomfort that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson*, 503 U.S. at 9 (1992) (quoting *Rhodes*, 452 U.S. 337, 347 (1981); *see also Jones v. Waller*, No. 98-5739, 1999 WL 313893, at *2 (6th Cir. May 4, 1999). Although it is likely that Plaintiff lost certain privileges while he was in segregation, Plaintiff utterly fails to allege that he was denied basic human needs and requirements. The Sixth Circuit has held that without a showing that basic human needs were not met, the denial of privileges as a result of administrative segregation cannot establish an Eighth Amendment violation. *See Evans v. Vinson*, 427 F. App'x 437, 443 (6th Cir. 2011); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008). Moreover, Plaintiff cannot bring an Eighth Amendment claim for emotional or mental damages because he does not allege a physical injury. *See* 42 U. S.C. §1997e(e); *see also Hudson*, 503 U.S. at 5; *Harden-Bey*, 524 F.3d at 795.

For all these reasons, Plaintiff fails to state an Eighth Amendment claim against Defendant Moull.

### D. Defendant Mullins

Plaintiff complains that Defendant Mullins failed to take action when Plaintiff complained to him about the conduct of other officers. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888

12

(6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendant Mullins engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against him.

### E. Defendant Derocherres

Plaintiff complains that Defendant Derocherres was one of the officers who transported Plaintiff to ICF in December 2016. Defendant Derocherres allegedly called Plaintiff "nig**r" and "monkey" and stated that Plaintiff's "as* was outta here now." (Compl., ECF No. 1, PageID.9.) Plaintiff also alleges that Defendant Derocherres went out of his way to harass Plaintiff or to have other officers harass and file tickets against Plaintiff.

As the Court earlier discussed, the use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See Ivey*, 832 F.2d at 954-55; *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits). Even the sporadic use of racial epithets, however reprehensible, does not rise to the level of an Eighth Amendment violation. *Torres*, 758 F.2d at 152.

Moreover, Plaintiff's allegation that Derocherres harassed Plaintiff and had fellow officers write tickets against Plaintiff is wholly conclusory. Plaintiff makes no allegation about when and how Derocherres harassed Plaintiff or got other officers to harass him. Conclusory

allegations unsupported by facts are insufficient to state a claim. *See Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555. Plaintiff therefore fails to state a claim against Defendant Derocherres.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the complaint must be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:     September 11, 2018            /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         CHIEF UNITED STATES DISTRICT JUDGE